# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

              Plaintiff,      :      Case No. 3:09-cr-181
                                                    Also 3:16-cv-265

                                                    District Judge Walter Herbert Rice
   -  vs  -                                  Magistrate Judge Michael R. Merz

ELMO BAILEY,

              Defendant.      :

## REPORT AND RECOMMENDATIONS

Defendant Elmo Bailey has filed *pro se* a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 94). The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

The case has been referred to the undersigned pursuant to the General Order of Assignment and Reference for the Dayton location of court (General Order Day 13-01).

Bailey pleads the following grounds for Relief:

> **Ground One:**  Due Process Violation
>
> **Supporting Facts:**  Attempted robbery of fictional drug stash house did not require the actual, attempted, or threatened use of physical force where no drugs (cocaine) existed for the taking nor where [sic] there any drug dealers to rob by physical force. Therefore, the instant offense of conviction in Count #2 does not qualify as a violent felony under the residual clause of the ACCA. Furthermore, the U.S. Attorney's office has since dismissed the same charges in Chicago stings that used fake drugs in so-called drug stash houses that has spurred a national debate over possible entrapment and racial profiling [See attached Exhibit A].
>
> **Ground Two:**  Due Process Violation
>
> **Supporting Facts:**  Robbery 2nd degree case # 1 PC 97-002, January 1996 conviction in Hawaii was a "purse snatching" that did not require the actual, attempted, or threatened use of physical force.  There was not any great bodily harm caused to the victim nor was a weapon used to facilitate this act in order to qualify as a violent felony under the ACCA.

(Motion, ECF No. 94, PageID 453-54.)


**Procedural History**


Elmo Bailey was indicted in this Court on December 22, 2009, and charged in four counts with conspiring with two co-defendants to possess more than five kilograms of cocaine with intent to distribute (Count One), conspiring to interfere with commerce through robbery (Count Two), possession of a firearm in furtherance of a drug trafficking crime (Count Three),

and possession of a firearm in furtherance of a crime of violence (Count Four) (Indictment, ECF No. 14). Bailey entered into a Plea Agreement with the United States under which he agreed to plead guilty to Counts Two and Four in return for dismissal of Counts One and Three (ECF No. 36). Judge Rice referred the case to the Probation Department, as contemplated by the Plea Agreement, and that Department produced a Presentence Investigation Report ("PSR"). After considering the PSR and giving Bailey an opportunity to be heard, Judge Rice sentenced him to 156 months imprisonment on Count Two and a consecutive sixty months on Count Four (Judgment, ECF No. 64). Bailey appealed and the Sixth Circuit affirmed the sentence. *United States v. Bailey*, Case No. 11-3072 (6th Cir. Dec. 14, 2011)(unreported; copy at ECF No. 82). Bailey filed the instant § 2255 Motion on June 16, 2016.[1]

## ANALYSIS

Bailey claims the benefit of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), where the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015). The residual clause of the career offender Sentencing Guideline is unconstitutional on the same basis as *Johnson*. *United States v. Pawlak*, ___ F.3d ___, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016).

---

[1] The Motion was received by the Clerk and docketed on June 23, 2016, but Bailey is entitled to the earlier filing date of June 16, 2016, when he avers he placed the Motion in the prison mailing system. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

The PSR classified Bailey as a career offender under the Sentencing Guidelines based on two convictions for robbery in the second degree in Hawaii in 1996 and 1997 and robbery in Newport News, Virginia, in Case No. 47943-02 (PSR ¶ 50).  Because of the career offender classification, Bailey had an enhanced criminal offense score, resulting in a guideline range for both convictions of 262 to 327 months.  *Id.* at ¶ 55.  Judge Rice varied downward from that range and imposed a sentence of 216 months (156 months for the Hobbs Act violation and 60 months for the firearms violation).[2]

**Ground One**

In his First Ground for Relief, Bailey argues his offense of conviction under 18 U.S.C. § 1951 did not contain as an element the use, attempted use, or threatened use of force.  Based on that assertion, he concludes that neither one of his counts of conviction qualifies as a violent felony under the Armed Career Criminal Act ("ACCA") and "no longer sustain[s] an armed career criminal sentence."

Bailey was not convicted under the ACCA, but rather under 18 U.S.C. § 1951.  He was classified as a career offender on the basis of prior convictions, as noted above.   His conviction in Count Four is based on the § 1951 conviction's being for a crime of violence, but § 1951 violations are not crimes of violence by virtue of the residual clause, but by virtue of 18 U.S.C. § 924(c)(1)(D)(3).

Bailey's second issue under Ground One is that the United States Attorney's Office in Chicago (Northern District of Illinois) has dismissed a number of cases arising out of so-called

---

[2] Judge Rice also imposed a consecutive three-month sentence for contempt of court which is not at issue in the current proceedings.

4

stash house stings conducted by law enforcement and use of that tactic has "spurred a national debate over possible entrapment and racial profiling." (Motion, ECF No. 94, PageID 453.)  As proof on this second issue, Bailey attaches news accounts from The New York Times for January 30, 2015.  *Id.*  at PageID 464-68.

Examining the news articles provided by Bailey, one finds reports of criticism by federal judges in the Seventh Circuit of the use of a drug stash house sting tactic.  Review of the record in this case reveals Bailey has believed all along that he was entrapped and that there was no "real" crime committed.  However, any such claim Bailey may have had he relinquished when he pleaded guilty.  Moreover, his conviction became final on direct appeal ninety days after the decision by the Sixth Circuit affirming his conviction and sentence on December 15, 2011, ninety days being the time within which he could have petitioners the Supreme Court for a writ of certiorari.  There is a one year statute of limitations for § 2255 motions which runs from the date of finality and which therefore expired March 14, 2013.  While the statute of limitations for claims under *Johnson* runs from the date of the *Johnson* decision, this stash house sting claim is not a *Johnson* claim.  *Johnson* does not reopen the statute of limitations for non-*Johnson* claims.

Finally, any notion that Bailey was entrapped into committing this offense is completely belied by the background facts reported in the PSR.

**Ground Two**

In Ground Two, Bailey claims that his predicate conviction for "purse snatching" in Hawaii in January 1996 does not qualify as a proper predicate conviction for a violent felony under the career offender Sentencing Guidelines.  He avers that the crime "did not require the

actual, attempted, or threatened use of physical force. There was not any great bodily harm caused to the victim nor was a weapon used to facilitate this act, . . ." (Motion, ECF No. 94, PageID 454. In the timeliness section of his Motion, he reasons that an ACCA conviction requires three predicate convictions and eliminating this one will make him ineligible for ACCA sentencing.

While actual conviction under the ACCA requires three qualifying predicate convictions, classification as a career offender under the Sentencing Guidelines requires only two predicate convictions. Compare 18 U.S.C. § 924(e)(1) with U.S.S.G. § 4B1.1. ¶ 50 of the PSR lists three purportedly qualifying predicate offenses, including the one Bailey now contests.

Bailey offers no proof that the statute under which he was convicted does not contain an element of force. Instead he argues that physical force was not actually used and/or no great bodily harm was caused. This proffered analysis relies on the offense as committed, rather than the elements of the offense. To determine whether a prior conviction qualifies for an ACCA enhancement, district courts must ordinarily use the categorical approach, comparing the elements of the crime of conviction with the elements of the generic crime in ACCA. ***Descamps v. United States***, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013)(2013). Robbery in the second degree in Hawaii is punished under Haw. Rev. Stat. § 708-841 which provides:

> (1) A person commits the offense of robbery in the second degree if, in the course of committing theft or non-consensual taking of a motor vehicle:
>
> > (a) The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance;
> >
> > (b) The person threatens the imminent use of force against the person of anyone present with intent to compel

>>acquiescence to the taking of or escaping with the property;
>>or
>
>>(c) The person recklessly inflicts serious bodily injury upon another.
>
>(2) Robbery in the second degree is a class B felony.

Thus all three possible ways of committing second-degree robbery in Hawaii require the use or threatened use of force against the person of another. Whether Bailey actually used force or inflicted any bodily harm is immaterial because the statute under which he was convicted has the required element of force.

Finally, even if the second degree robbery conviction were eliminated, Bailey has another qualifying predicate conviction for sexual battery in 1992. See PSR ¶ 58.

**Conclusion**

Bailey's § 2255 Motion is without merit and should be DSIMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 25, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).