# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:09-cr-181
                                    Also 3:16-cv-265

                                    District Judge Walter H. Rice
-  vs  -                                Magistrate Judge Michael R. Merz

ELMO BAILEY,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 115). After the Sixth Circuit granted Bailey permission to procced with this second § 2255 Motion, the Magistrate Judge ordered the United States to answer (ECF No. 120). The United States has now done so (Response, ECF No. 121).

In its Response, the United States concedes that the Court has jurisdiction to decide the Motion to Vacate, that the Motion was timely filed, and that Bailey is entitled to relief on the merits.

Bailey pleaded guilty to Count Two, conspiracy to commit Hobbs Act robbery, and Count Four, possession of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c), predicated on the Count Two conviction. In light of *United States v. Davis*, 139 S. Ct. 2319 (2019),

1

Hobbs Act conspiracy is no longer a crime of violence under § 924(c). *United States v. Ledbetter*, 929 F.3d 338, 360-61 (6th Cir. 2019). *Davis* applies retroactively to cases on collateral review. *In re Franklin,* 950 F.3d 909, 910 (6th Cir. 2020). Therefore it is respectfully recommended that Bailey's conviction on Count Four be vacated.

As to remedy

> The United States respectfully submits that re-sentencing Mr. Bailey proves the appropriate relief. (footnote omitted) Given the nature of the remaining charge and the facts to which Mr. Bailey admitted at the plea hearing, re-sentencing on Count Two would allow this Court to "reevaluate the entire aggregate sentence to ensure that the defendant receives the appropriate [disposition]." (footnote omitted) *Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997) (affirming district court's resentencing on remaining count where § 924(c) conviction vacated).

(Response, ECF No. 121, PageID 580). Because felony sentencing is a matter peculiarly reserved to the discretion of District Judges, the MJU makes no recommendation on this request.

August 12, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge
